IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-CR-71-JED |
| v. | ) | (16-CV-407-JED) |
| | ) | |
| JOHNNE RAY SUAREZ, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is the motion by defendant, Johnne Ray Suarez, to vacate, set aside, or correct sentence, filed under 28 U.S.C. § 2255 (Doc. 40). For the sole ground for relief, he asserts that his "prior convictions are based on drugs which do not qualify me under *Johnson* provision." (*Id.* at 7). Mr. Suarez is referring to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

I.   **The conviction and sentence**

Mr. Suarez was charged on May 5, 2014 in a six count Superseding Indictment, which asserted various drug trafficking and weapons charges. (Doc. 12). On June 4, 2014, pursuant to a plea agreement (Doc. 26), he pleaded guilty to Counts Four and Six of the Superseding Indictment, for possession of a firearm in furtherance of drug trafficking crimes under 18 U.S.C. § 924(c)(1)(A)(i) and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). (*Id.*; *see also* Doc. 34, 35). Pursuant to the plea agreement, the government agreed to dismiss the remaining counts, and Suarez waived his right to appeal his conviction and to collaterally attack his conviction and sentence, except for claims of ineffective assistance of counsel which challenge the validity of the guilty plea or the waiver.

(Doc. 26 at 3). The presentence investigation report indicated that Mr. Suarez's base offense level was 26 based on the quantity of drugs he possessed (PSR at ¶ 17), and added two levels because he maintained premises for the purpose of distributing controlled substances (*id.* at ¶¶ 19, 23). Because Suarez had two prior convictions for controlled substances offenses, he qualified as a career offender, which raised his offense level to 34. (*Id.* at ¶¶ 24, 30-31). After application of a three-level reduction for acceptance of responsibility, his offense level was 31, resulting in an advisory guidelines range of 262 to 327 months. (*Id.* at ¶¶ 28, 48).

Before sentencing, Mr. Suarez filed a motion for downward variance to a guidelines range of 144 to 165 months, which was the range that would have applied had he not received the career offender enhancement. (*See* Doc. 32). This Court granted that motion and sentenced him to a total term of 144 months, consisting of 60 months as to Count Four and 84 months as to Count Six, with Count Four to run consecutively to Count Six. (Doc. 35 at 2). Judgment and Commitment was entered on September 12, 2014. (*Id.*). Mr. Suarez did not appeal.

Following Mr. Suarez's conviction and sentencing, the Supreme Court decided *Johnson* on June 26, 2015, concluding that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague and violated the Fifth Amendment's due process principles. 136 S. Ct. at 2556. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016) and determined that *Johnson* announced a new substantive rule that could be raised retroactively on collateral review. Such claims were to be filed within one year of the decision in *Johnson*. Mr. Suarez's motion was received and docketed for filing on June 27, 2016, which was timely under Fed. R. Civ. P. 6(a) (where deadline falls on a weekend or legal holiday, the time runs until the next day that the courthouse is open). *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (Rule 6(a) applies when calculating the one-year statute of limitations under

§ 2255). In addition, Suarez's motion would be timely filed, because he is an inmate and he deposited his motion in the institution's internal mailing system on or before the last day for filing. (*See* Doc. 40). *See* Rules Governing Section 2255 Proceedings, Rule 3(d).

The government moved to dismiss Mr. Suarez's § 2255 motion. (Doc. 44). The Court provided Mr. Suarez time to respond to the motion. (Doc. 45). Mr. Suarez never responded.

## II.   The § 2255 motion

As noted, Mr. Suarez argues that he is entitled to relief under § 2255 because his "prior convictions are based on drugs which do not qualify me under *Johnson* provision." (Doc. 40 at 7). In *Johnson*, the Supreme Court held that the language of the "residual clause" of the definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague, in violation of the Due Process Clause of the Fifth Amendment. *Johnson*, 135 S. Ct. at 2556-57. As a result, the Supreme Court held that the residual clause may not be used for a sentence enhancement under the ACCA. *Id.*

Mr. Suarez has not presented a *Johnson* claim. The residual clause of § 924(e)(2)(B)(ii) was utilized within the definition of "violent felony." Mr. Suarez was not sentenced under the residual clause of the violent felony definition of the ACCA. Instead, the PSR indicated that he was considered a career offender because he had two prior convictions for controlled substances offenses. (PSR at ¶ 24). In addition, his charge under 18 U.S.C. § 924(c)(1)(A)(i) did not involve § 924(c)(1)(3)'s definition of "crime of violence," but was for possession of a firearm in furtherance of drug trafficking crimes under 18 U.S.C. § 924(c)(1)(A)(i). His conviction and career offender predicates were convictions for controlled substance offenses, not crimes of violence. He accordingly has no claim under *Johnson*. Any other claims are subject to the collateral review waiver in his Plea Agreement. (*See* Doc. 26 at 3, ¶ 3(d)).

**III.    Conclusion**

For the foregoing reasons, the government's motion to dismiss (Doc. 44) is **granted**, and Mr. Suarez's § 2255 motion to vacate, set aside, or correct sentence (Doc. 40) is **dismissed**. In the alternative, the Court finds and concludes that Mr. Suarez's § 2255 motion should be denied.

SO ORDERED this 14th day of July, 2017.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE